(152 App. Div. 727.)

RINTELEN v. SCHAEFER et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1912.)

1. WITNESSES (§ 202*)—COMMUNICATION TO ATTORNEY—PRIVILEGE.

Under Code Civ. Proc. § 835, prohibiting an attorney from disclosing communications made to him by his client in the course of his professional employment, an attorney could not testify to communications made to him by testatrix in the course of their relations as attorney and client during the preparation of her will as bearing on the issue of undue influence.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 756, 757; Dec. Dig. § 202.*]

2. WITNESSES (§ 202*)—ATTORNEY—CONFIDENTIAL COMMUNICATIONS.

In a will contest, testatrix's attorney was incompetent to testify that no other person gave him data, facts, and instructions with reference to the preparation of the will to rebut the claim of undue influence.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 756, 757; Dec. Dig. § 202.*]

Appeal from Trial Term, Queens County.

Action by Joseph C. Rintelen against Rose D. Schaefer and others. From a judgment sustaining the will of Elizabeth Rintelen,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

deceased, and from an order denying plaintiff's motion for a new trial, he appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Gormly J. Sproull, of New York City (Herbert H. Kellogg, of New York City, on the brief), for appellant.

Henry C. Frey, of Jamaica, for respondents.

THOMAS, J. The witness Livett was the attorney for the testatrix and drew the will attacked upon grounds of testamentary incapacity and undue influence. Several items of his testimony are: (1) His conversation with her when he was retained; (2) that he had three conferences with her relating to the preparation of the will and its execution, at the first and second of which another person was present, and that no other person than the testator gave any data, or facts, or instructions with reference to the preparation of the will or its contents; (3) what was said and done by her in the presence of the witnesses and others, in which he was not shown to have participated, when the will was executed; (4) his identification of the will and her signature; (5) that he had read the will and draft to her a few days before; (6) that he had subsequent conversations with her on other subjects involving business relations, in the presence of third parties, and what he told her; (7) that he prepared another draft, or changed the first draft, at the suggestion of the testatrix, and that no one else was present when suggestion of the change in the will was made; (8) that her acts and conversation impressed him as rational; (9) that he had no difficulty whatever in making himself understood by her, and always got sensible answers in reply to his questions.

[1] So the attorney laid bare his relations to her in the several matters for which he was retained, even to showing that she alone gave him the data for the will, and used the communications from one to the other to base thereon his opinion of her sanity and her ready understanding of his communications and sensible answers. What she communicated in words, in actions, in mental alertness, in appearance, he disclosed. He could, under the ruling, have told all that he did, and declared her statements irrational. I will not discuss whether each and every item of evidence was so hurtful as to require a reversal; but as to all evidence of communications from one to another in the course of their relations as client and attorney, and his judgments therein, he was incompetent by section 835 of the Code of Civil Procedure. Matter of Cunnion, 201 N. Y. 123, 94 N. E. 648, Ann. Cas. 1912A, 834. That authority would also condemn his testimony of what she said at the time of the execution of the will.

[2] His statement that no other person gave him data, facts, or instructions with reference to the preparation of the will, or its contents, is inadmissible, at least in connection with other questions. That item implies this: Some person did furnish him the

data. No other person than she gave it to him. Therefore she furnished the information. In exculpating others, she is shown to have made the necessary communications. He could as availably have stated that none of the persons accused of undue influence furnished data.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.