LOUISIANA LAND & EXPLORATION CO. et al. v. PARISH OF JEFFERSON, LA.

RIGOLETS CORPORATION v. SAME.

Nos. 508, 509.

District Court, E. D. Louisiana.

Feb. 5, 1945.

ence was held and with like result all issues save one were disposed of by admissions or agreements of counsel and the court entered its order in the respective cases in conformity with Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. These cases were later tried and argued on the same day and are dealt with in a single opinion because the controlling question in both is the same.

The stipulated issue for decision in No. 508 is whether a judgment of expropriation rendered by the court on April 25, 1923 in the suit entitled "Parish of Jefferson v. Wisner Estate, Inc.", No. 3944 of the docket of the 28th Judicial District Court in and for the Parish of Jefferson, Louisiana, had the effect of vesting in the Parish of Jefferson a fee simple title to, or merely a servitude upon, that portion of the 400-foot strip through the lands which the present plaintiff now owns by mesne conveyances from Wisner Estates, Inc., and in determining that question whether the two supplemental judgments signed in said suit on July 10, 1923, and July 19, 1923, respectively, form part of said expropriation proceedings and what effect, if any, is to be given thereto.

However, there is a further stipulation in the pre-trial order to the effect that those portions of the 400-foot strip described in the judgment rendered in suit No. 3944 on April 25, 1923, are portions of the 400-foot strip located by the United States Engineers. Consequently I assume that it is not necessary in suit No. 508 to consider what effect, if any, should be given to the supplemental judgment signed in said suit, because the only purpose of those supplemental judgments was to make it clear that the portions of the 400-foot strip involved in suit No. 3944 measured 200 feet in width on each side of the center line of the 400-foot strip as located by said engineers.

In any event, these supplemental judgments correcting typographical errors in the description of the property expropriated should be considered as forming a part of said expropriation proceedings. Plaintiffs have not been injured by their entry. And even if it be assumed that their entry was irregular it does not lie in the mouths of plaintiffs to complain. Glen Falls Indemnity Co. v. Manning et al., La.App., 168 So. 787.

Milling, Godchaux, Saal & Milling and Charles H. Blish, all of New Orleans, La., for plaintiffs.

Chaffe, McCall, Bruns, Toler & Phillips, and Patrick W. Murphy, all of New Orleans, La., Robert V. Jones, of Evanston, Ill., and Bert Flanders, Jr., of New Orleans, La., for defendant.

.BORAH, District Judge.

These suits were brought to obtain declaratory judgments adjudicating the ownership of certain portions of a 400-foot strip of land in Jefferson Parish, Louisiana, on which the Dupre Cut Canal is situated. In each suit a pretrial confer-

The issue in No. 509 is whether a similar judgment rendered by the same court on the same day in the suit bearing docket No. 3946 entitled "Parish of Jefferson v. Anna B. Davidson, et al.," had the effect of vesting in the Parish of Jefferson a fee simple title to, or merely a servitude upon, that portion of the 400-foot strip through the lands which Rigolets Corporation now owns by mesne conveyances from the widow and heirs of C. P. Davidson.

The ownership of the third remaining tract of land comprised in the 400-foot strip on which Dupre Cut Canal is situated was determined by the Supreme Court of Louisiana in the case of Parish of Jefferson v. Texas Co., 192 La. 934, 189 So. 580. In that case the Supreme Court held that under a judgment of expropriation rendered by the same parish district court on December 12, 1921, in proceeding No. 3510 entitled "Parish of Jefferson v. Heirs of Samuel Davis," the parish acquired the full ownership of the property expropriated, and not merely a servitude thereon; but that in the subsequent notarial act of donation dated January 19, 1922, the parish transferred only a servitude over that tract to the United States of America. In reaching these conclusions the court laid down certain legal principles and it is around these principles and the reasoning of the court that most of the argument is centered.

For convenience of discussion these three companion cases will in the order mentioned above be hereinafter referred to by their parish district court docket numbers as Nos. 3944, 3946 and 3510, respectively.

Plaintiffs and defendants both agree that the judgments in Nos. 3944 and 3946 constitute res judicata with respect to the instant cases and that they are beyond attack or review. The plaintiffs contend, however, that the two judgments that are controlling in the present cases do not contain the earlier judgment's sweeping and emphatic provisions transferring the fee simple title to the parish; and that from the pleadings in these two cases, as well as from certain extraneous facts, it is clear that the parish never intended to obtain the fee to the tracts of land involved in the present litigation. The defendants, on the other hand, maintain that if the meaning of the two later judgments is determined from their own four corners, they must be construed as transferring the fee to the parish, just as was the case in No. 3510; that the language used in the two later judgments is substantially the same as that which is to be found in the judgment rendered in No. 3510; that the judgments in Nos. 3944 and 3946 are unambiguous and that therefore no evidence dehors the judgments is admissible in construing them; that, even if the court should hold that these two judgments are ambiguous, the evidence dehors the judgments should be limited to the pleadings; and, finally, that, even if other extraneous evidence were admissible, it would support the contentions of the defendants.

The decretal portions of each of the three judgments mentioned above are set up in parallel columns reading as follows:

| Docket No. 3510 | Docket No. 3944 | Docket No. 3946 |
|---|---|---|
| This cause came on for trial having been regularly fixed for December 9th 1921. Present: C. A. Buchler, District Attorney representing Parish of Jefferson. L. Robert Rivarde, Curator ad Hoc, representing the absent defendants, heirs of Samuel Davis. | This cause came on for trial this day as regularly assigned. | This cause came on for trial this day as regularly assigned. |
| A jury of free holders having been duly empanelled according to law this matter was submitted to said jury of freehold- | Considering the verdict of the Jury in this matter and the reasons this day orally assigned: It is ordered, adjudged and decreed, that there be judgment herein in favor of the plaintiff, Parish of Jefferson, recognizing its right to expropriate and acquire for public purposes for the construction of navigation canal and oth- | Considering the verdict of the jury in this matter and the law and the evidence being in favor of the plaintiff, for reasons this day orally assigned: It is ordered, adjudged and decreed, that there be judgment herein, in favor of the plaintiff, Parish of Jefferson, recognizing its right to expropriate and acquire for public purpos- |

**Docket No. 3510**

ers when after hearing the testimony and the charge from the court the said jury freeholders retired from the court room to deliberate and then returned, rendering a verdict in favor of the plaintiff, Parish of Jefferson, as prayed for expropriating the property described in plaintiff's petition, and a verdict in favor of the defendants for the sum of one hundred and sixty ($160.00) dollars, the actual value of the property taken.

The court considering the law and evidence to be in favor of the plaintiff for the expropriation of the land and in favor of the defendants for the value of said land and considering the verdict of jury free holders for reasons this day orally assigned.

It is ordered, adjudged and decree, that there be judgment herein in favor of plaintiff, Parish of Jefferson, and against Alice Davis Johnson, Pearl Davis Dickenson, Anna Davis Febtob, Ada Davis Gadloway and James Davis, the heirs of Samuel Davis, recognizing the right of the Parish of Jefferson, to expropriate and acquire for public purposes, for the construction of navigation canal and other public works in connection therewith and recognizing the Parish of Jefferson as acting through its Police Jury as having the full ownership of the following described property to-wit:

"A certain strip of land

**Docket No. 3944**

er public works thereto the following described property, to-wit:

A certain strip of land measuring four hundred (400) feet in width, same being two hundred (200) feet on either side of the center line of right of way of said canal as indicated on map attached herewith, prepared by the United States Engineers Office, dated New Orleans, La., July 1919, which said right of way begins at, * * *

It is further ordered, adjudged and decreed that there be judgment herein in favor of defendant, Wisner Estate, Inc., and against the Parish of Jefferson in the full sum of one hundred and 80/100 ($100.80) dollars, in full payment and settlement of land above described acquired by the plaintiff by virtue of these proceedings, and in accordance with the verdict of the Jury of free holders.

It is further ordered, adjudged and decreed, that since a legal tender was made in this case of an account exceeding the verdict of the jury, that the cost in this case be paid by the defendant.

Judgment rendered, read and signed in open court, this twenty fifth 25th day of April, 1923.

(Sgd) H. N. Gautier
Judge.

**Docket No. 3946**

es for the construction of navigation canal and other public works thereto the following described property, to-wit:

"A certain strip of land measuring Four hundred (400) feet width, same being two hundred (200) feet on either side of the center line of right of way of said canal, as indicated on map attached herewith, prepared by the United States Engineers Office, dated New Orleans, La., July 1919, which said right of way begins at, * * *"

It is further ordered, adjudged and decreed that there be judgment herein in favor of the defendant Anna B. Davison, Et Als., and against the Parish of Jefferson in the full sum of twenty six and 40/100 ($26.40) dollars, in full payment and settlement of the land above described, acquired by the plaintiff by virtue of these proceedings and in accordance with the verdict of the jury of free holders.

The plaintiff herein to pay all cost of these proceedings, including the fee of curator ad hoc appointed in this case, which fee if hereby fixed at the sum of twenty five ($25.-00) dollars, and the fee of tutor ad hoc appointed in this case, which fee is hereby fixed at the sum of twenty five ($25.00) dollars.

Judgment rendered, read and signed in open court, this twenty fifth 25th day of April, 1923.

Docket No. 3510

measuring Four Hundred (400) feet in width same being Two hundred (200) feet on either side of center line of right of way of said canal, as indicated on map attached herewith, prepared by the United States Engineer Office, dated New Orleans, La., July 1919, which said right of way is over and across sections 18, 19 and 20, * * *".

It is further ordered, adjudged and decreed that there will be judgment herein in favor of defendants Alice Davis Johnson, Pearl Davis Dickenson, Anna Davis Fenton, Ada Davis Calloway and James Davis, the heirs of Samuel Davis, and against the Parish of Jefferson for the full sum of $160.00 in full payment and in settlement of the land described avove and acquired by the Parish of Jefferson, by verdict of these proceedings and in accordance with this judgment and the verdict of the Jury free holders.

It is further ordered, adjudged and decreed that a fee of fifty dollars be and the same is hereby taxed as cost to be paid to L. Robert Rivarde, Curator ad Hoc appointed by the court to represent the absent defendants herein, and that all said cost and other costs of these proceedings be paid by the plaintiff for the Parish of Jefferson.

Judgment rendered, read and signed in open court, this 12th day of December, 1921.

(Sgd) Prentice E. Edrington
Judge.

Docket No. 3944

Docket No. 3946

(Sgd) H. N. Gautier
Judge.

■ Whether the judgments of expropriation in Nos. 3944 and 3946 awarded to the Parish of Jefferson the full ownership of the property expropriated, or merely a servitude thereon, must be determined by a reading of the judgments themselves. Applying this test, it will be found that there is not a single word or passage that even remotely suggests that these judgments merely awarded a servitude to the parish. The word servitude is not mentioned eo nomine and it will be noted that the descriptions of the lands referred to in the judgments contain the term "right of way" just twice—not to designate the res expropriated, but merely to indicate points of reference from which the metes and bounds of the tract were set out. These judgments clearly express the final determination of the court. There is no ambiguity about them. Consequently there is no need to refer to the pleadings or other extraneous evidence because the judgments themselves leave nothing for interpretation. Knox v. Louisiana Railway & Navigation Co., 157 La. 602, 605, 609, 102 So. 685; Parish of Jefferson v. Texas Co., 192 La. 934, 955, 958, 189 So. 580.

■ In 1 Freeman on Judgments, 5th Ed., § 77, at page 134, the rule for the construction of ambiguous judgments is thus stated: "If the entry of a judgment is so obscure as not to express the final determination with sufficient accuracy, reference may be had to the pleadings and to the entire record. If, with the light thrown upon it by them, its obscurity is dispelled, and its intended signification made apparent, it will be upheld and carried into effect. In case of doubt regarding the signification of a judgment, or of any part thereof, the whole record may be examined for the purpose of removing the doubt."

Again, in 30 American Jurisprudence, Judgments, § 285, we find the following language: "Parol Testimony—Where the record in the earlier action leaves in uncertainty what issues were involved and settled by the judgment rendered therein, the well-settled general rule is that extrinsic or parol evidence is admissible to eliminate the uncertainty. * * * Another limitation implied in the rule itself is that if there is no uncertainty or ambiguity in a judgment, no extrinsic evidence is admissible to show what was decided." See also 1 Black on Judgments, § 123, p. 138.

Taking the judgments in Nos. 3944 and 3946 by their four corners, and comparing their provisions with those contained in the judgment in No. 3510 as construed by the Louisiana Supreme Court in the Texas Company case, supra, we find no essential differences among them, in so far as concerns the investiture of a fee simple title in the Parish of Jefferson. To arrive at this conclusion, we need give to the terms used in the three judgments nothing more than their ordinary intendment, both in legal and in popular usage. No splitting of hairs or straining of meanings is required.

■ At the outset, it might be well to point out that in the foregoing parallel quotations the description referred to in each column is not of a servitude but of a "certain strip of land." The term "land" has a definite meaning in the law as well as in the popular mind—a meaning as settled and firm as the thing that it represents. "Land", to lawyer and layman alike, means the soil, the solum, terra firma, a section of Mother Earth. No argument, however ingenious, can budge this stubborn fact.

That the land itself, rather than a right of way or other servitude thereon, was the expropriated res in Nos. 3944 and 3946, is borne out by the other decretal provisions of the judgments in those two cases.

The very first sentence of those provisions in each judgment recognizes the parish's "right to expropriate and acquire for public purposes for the construction of navigation canal and for public works thereto the following described property." From this it is seemingly plain that the court contemplated the erection of structures ancillary to the operation of a canal. For these public structures to have been built upon private land would have created an undesirable legal situation for all concerned—a situation that could be obviated by the simple expedient of giving the public agency the fee simple title to the soil upon which they were constructed. In any event it is clear that these words merely described the purpose or we might say one of the considerations for which the award of the land was made and did not have the effect of obscuring the meaning of those judgments or of limiting the rights acquired by the parish to a servitude on the land.

Again, following the description of the "certain strip of land" that was being expropriated, the court proceeded to award a money judgment "in full payment and settlement of land above described, acquired by the plaintiff by virtue of these proceedings. * * *"

There is no evidence, either extrinsic or intrinsic, in this case which would indicate that the court, in handing down these two judgments, did not use the word land in its ordinary signification, or that, instead of intending to expropriate what it said it was expropriating, it was in reality expropriating some incorporeal hereditament in the land and not the land itself.

■ It is elementary that, while extrinsic evidence may be introduced to explain a judgment, it cannot be used to contradict it. In the section of American Jurisprudence quoted supra, the rule is tersely stated in this language: "Accordingly, the rule permitting the introduction of extrinsic evidence applies only to the introduction of evidence not in conflict with the record and is subject to the proviso that such evidence is consistent with the judgment, and does not amount to a contradiction of the record or of recitals embodied therein." This rule was approved and followed by the Supreme Court of Louisiana in Perot's Estate v. Perot, 177 La. 640, 644, 148 So. 903.

In the view of this court, it would indeed be a contradiction of the recitals embodied in the two judgments to attempt to show that though the state court repeatedly used the word "land" in the two judgments, and did not purport to expropriate anything other than the full ownership of the property, it in reality meant to award the parish only a servitude over the land.

The plaintiffs, however, stoutly contend that the two judgments in the instant case differ materially from that handed down in No. 3510, in that the latter contained a clause which immediately preceded the description reading as follows: "* * * and recognizing the Parish of Jefferson as acting through its Police Jury as having the full ownership of the following described property, to-wit:" From this it is argued that the two judgments in Nos. 3944 and 3946 should be construed in the same way as the act of donation in No. 3510 was construed by the state Supreme Court; namely, as granting only a servitude.

Commenting upon this recital in the judgment in No. 3510, the Supreme Court of Louisiana, in the Texas Company case, supra, at page 966, of 192 La., at page 591 of 189 So., said:

"It is to be noted that although the judgment of expropriation recognizes the Parish of Jefferson, acting through its Police Jury, as having the full ownership of the property, these words were omitted ex industria from the act of donation. Had it been the intention of the parochial authorities to transfer the full ownership of the property, they could, and more normally would have used the same words in the act of donation as were used in the judgment of expropriation. Instead of doing this, the parochial authorities, in the resolution authorizing the transfer to the United States, specifically set forth that 'said right of way (was) to be used for the construction of the public navigation canal by the United States of America from Bayou Dupont to Bayou Cutler.'

"Again, had it been the intention of the parochial authorities to transfer the full ownership of the property to the United States, the normal and usual thing for them to have done would have been to cause to be inserted in the act of donation language indicating the transfer of full ownership as clearly as the language which is found in the judgment of expropriation. Instead of any such language being incorporated in the act of donation, it is stated in the very granting clause of the act itself that the grant was made 'under the terms and conditions hereinafter expressed,' and then are inserted in the act, as the terms and conditions, 'for perpetual use as a right of way for Barataria Bay Waterway.' "

There is nothing in this quoted language which supports the argument that the two judgments involved in Nos. 3944 and 3946 should be construed as granting to the parish only a servitude because of the circumstance that they do not contain the words that the Louisiana Supreme Court found were omitted ex industria from the act of donation. This was only one of the factors that the Supreme Court considered in determining the intention of the parochial authorities. But most important of all the Supreme Court was clearly impressed by the fact that it was stated in the granting clause of the act of donation that the grant was made to the United States under these terms and conditions

"for perpetual use as a right of way for Barataria Bay Waterway." Would the plaintiffs argue that thereafter in Louisiana no judgment could expropriate the fee without containing the sacramental words, "recognizing (the plaintiff) as having the full ownership of the following described property, to-wit"? As we read the Texas Company case, it contains no such implication.

Furthermore, the mere absence of emphatic words in an act of transfer does not of itself affect the nature of the transfer if its terms are otherwise clear. In the Texas Company case, at page 967 of 192 La., at page 591 of 189 So., the court said: "The defendants argue that as the word 'only' appears in the instrument in the Noel case (Noel Estate v. Kansas City Southern & G. R. Co., 187 La. 717, 175 So. 468) in the phrase reading 'said tract of land herein described is sold and conveyed for railroad purposes only,' clearly shows that the use of the property in that case was to be for a limited purpose, whereas the word 'only' does not appear in the act of donation before McCune, notary. But the omission of the word 'only' in the act of donation does not detract from the applicability of the reasoning in the Noel Estate case to this case, because the meaning of the clause of limitation in each case is exactly the same, either with or without the use of the word 'only.' That word in the instrument reviewed in the Noel Estate case merely emphasized that a right to use for a particular purpose was granted, whereas, both in fact and in law, no such emphasis was necessary. The emphasis in the notarial act of donation involved in this case was accomplished by placing the limitation in the granting clause itself and not purporting elsewhere in the instrument to transfer the full ownership of the property."

Applying the foregoing language to the instant case, it may well be said that the meaning of the judgments in Nos. 3510, 3944 and 3946 "is exactly the same, either with or without the use of the word(s)" "recognizing the Parish of Jefferson * * * as having the full ownership of the following described property." Those words "merely emphasized" that the fee simple "was granted, whereas, both in fact and in law, no such emphasis was necessary. The emphasis * * * in this case was accomplished by" the iteration of the word "land" to designate the res expropriated by the judgments, and by the complete absence from their granting clauses of the term "right of way", "servitude", "easement", or any other equivalent word or phrase.

In each of the two judgments that are to be interpreted by this court there appears in paragraph three the following recital: "It is ordered, adjudged and decreed, that there be judgment herein in favor of the plaintiff, Parish of Jefferson, recognizing its right to expropriate and acquire *for public purposes for the construction of navigation canal and other public works thereto* the following described property, to-wit:"

Plaintiffs earnestly insist that the insertion of the words which I have italicized are such as to permit extrinsic evidence to be received in order to arrive at the meaning of these judgments. Or to state the proposition in different language, plaintiffs are in effect asking this court to sever these words from their context so as to obscure their meaning and having done so that the court should then consider extrinsic evidence to dispel the obscurity which it created. A mere statement of the proposition refutes the argument. These words do not cast any doubt on the meaning of these clear and unambiguous judgments. They simply described the purpose, or we might say, one of the considerations for the conveyances which were made by these judgments. Askew et al. v. Vicksburg, S. & P. Rwy. Co., 171 La. 947, 948, 132 So. 510; Arkansas Improvement Co. et al. v. Kansas City Southern Rwy. Co., et al., 189 La. 921, 929, 930, 181 So. 445. The intended signification of the two judgments in controversy is apparent. By their own terms it is made clear and manifest that it was their intent and meaning to award the full ownership of the property expropriated to the Parish of Jefferson. There is therefore no need, and indeed no justification, for considering either the pleadings, the verdicts of the jury or any other extraneous evidence.

But even if recourse is had to extraneous evidence, the position of the plaintiffs is not improved. The petitions of the parish in suits Nos. 3944 and 3946 clearly demonstrate that the parish was seeking the expropriation of lands and not servitudes.

In suit No. 3944 the petition of the District Attorney of Jefferson Parish emphatically recited in the name of the parish that "it is absolutely necessary and essential that your petitioner acquire the following described property situated in the Parish of Jefferson, and more fully described as follows, to-wit: A certain strip of land," etc.

Again, the petition refers to "the portion of land herein sought to be expropriated," and alleges that "petitioner herein is ready and willing to pay the sum of One ($1.00) Dollar an acre for said land herein sought to be expropriated."

Finally, the prayer itself asks that "the property above described by petitioner as necessary for its right of way" be adjudged to the parish. The property above described is land and not a servitude.

The answer of Wisner Estates, Inc., filed in No. 3944 admits the parish's allegation that "it is absolutely necessary and essential that your petitioner acquire the following described property," etc. The answer further admits "that petitioner has tendered to it the sum of One ($1.00) Dollar per acre for said land herein sought to be expropriated, but it denies that One ($1.00) Dollar per acre is in excess of the true value of the land and particularly avers that the said land is worth greatly in excess of One ($1.00) Dollar per acre, but for the reasons stated in paragraph four of the plaintiff's petition and because the advantages which will be enjoyed by the defendant on account of the erection of said canal will fully compensate it, defendant acquiesces in the payment of only ($1.00) Dollar per acre for said land."

Similarly, in No. 3946, there is an allegation that it is "absolutely necessary and essential" that the petitioning parish acquire "a certain strip of land", and there too we find the prayer asking that "the property above described," i.e., land, be adjudged to the petitioner. There are also three separate and distinct references in paragraphs 9, 10 and 13 to the "land" or "portion of land" "sought to be expropriated."

The record in No. 3946 shows that on April 20, 1923, W. H. Davidson, the only defendant residing in Louisiana, accepted service of the petition, waived citation, and submitted the matter. In this connection, it might be pointed out that in the Louisiana Pleading and Practice Act it is provided that "All material allegations of fact contained in the petition which are not denied in the answer shall be deemed to be admitted." Act La. No. 27 of 1926. Thus it can be seen that, in contemplation of law, W. H. Davidson admitted that the Parish of Jefferson demanded and required the ownership of the land involved in that suit, and not merely a servitude thereon.

In No. 3946, a tutor ad hoc was appointed to represent the minor defendants and a curator ad hoc was named to represent the adult absentees. Each of such representatives denied the material allegations of the parish's petition. The effect of such denials was to put that question at issue.

From the foregoing, it will be seen that the petitions in the two cases in question alleged that it was absolutely essential that the parish acquire the strips of land there sought to be expropriated, and prayed that such lands be adjudged to it. The answers either admitted those allegations or put the matter in issue squarely before the court. Finally, in each case the court, by an unequivocal and unambiguous judgment, specifically expropriated the strip of land to the petitioning parish.

It is true that in certain other portions of the pleadings and in a number of documents relied upon by the plaintiffs, the term "right of way" is occasionally found to designate the res that the parish was seeking. The documents just referred to were provisionally admitted by the court, though they undoubtedly should have been excluded. They cannot, however, even if considered, affect the result of this case, for the following reasons, among others. In the first place the meaning of the term "right of way" does not necessarily imply that only a servitude is meant. In the Knox case, supra, at page 608 of 157 La., at page 687 of 102 So., the court said:

"Speaking of a right of way, technically or precisely, it means a servitude of passage; but, in ordinary parlance, it may as well mean the strip of land over which the railroad runs as the servitude of passage. In the case of John T. Moore Planting Co. v. Morgan's Louisiana & T. R. & S. S. Co., 126 La. [840], 841, 53 So. [22], 23, it was said:

" 'A right of way may consist either of the fee, or merely of a right of passage and use, or servitude. Whether the one or the other is meant in any particular instrument must be gathered from the instrument

as a whole. As a general rule, only a servitude is meant.'"

Furthermore, the loose language found in certain portions of the pleadings or in the antecedent proceedings of the Police Jury of the Parish of Jefferson cannot countervail against the carefully chosen words of the two judgments, in which the property expropriated nowhere is referred to as a right of way or a servitude, but as land or a certain strip of land.

In this connection and in closing the discussion we again quote from the Knox case, supra, at page 609 of 157 La., at page 687 of 102 So., the following pertinent language: "All that might have been said, however, in the way of doubting whether the amended petition in the expropriation suit asked for the expropriation of the land itself or of a servitude, or in the way of doubting whether the verdict of the jury intended that the land itself or only a servitude should be expropriated, *was foreclosed by the judgment itself, expropriating the land.*" (Emphasis supplied.)

For the above reasons it is the opinion of this court that the judgments of expropriation in suits Nos. 3944 and 3946 vested in the Parish of Jefferson a fee simple title to those portions of the 400-foot strip involved in each of those cases and there should be judgments in suits Nos. 508 and 509 recognizing the Parish of Jefferson as the owner of the land involved in these two suits and recognizing the rights of all parties named under the order of this court dated October 9, 1942 who claim under the defendant Parish of Jefferson.