**LEONIA AMUSEMENT CORP. et al. v. LOEW'S, Inc. et al.**

United States District Court
S. D. New York.
Jan. 13, 1952.

The instant action is for treble damages under the anti-trust statutes by a single motion picture theatre against certain large film producers and distributors. Some of the defendants have interposed an affirmative defense that the action is barred by time limitation and on this a separate hearing has been set. Defendants' theory is that plaintiffs have had no interest in the theatre in question since 1935. In turn plaintiffs apparently invoke section 5 of the Clayton Act, 15 U.S.C.A. § 16, which provides that whenever an anti-trust suit is instituted by the government, "the running of the statute of limitations in respect of each and every private right of action arising under said laws and based in whole or in part on any matter complained of in said suit or proceeding shall be suspended during the pendency thereof."

It is conceded that the government instituted an anti-trust suit against the defendants herein in 1938, and a consent decree was entered between some of the defendants herein and the government on November 20, 1940. United States v. Paramount Pictures, D.C.S.D.N.Y., Eq. No. 87–273.[1] It is also conceded that an anti-trust suit against some of the defendants herein was undertaken by the government on August 7, 1944. An important issue then in the separate hearing on the affirmative defense of time limitations is the effect of the consent decree. If the decree was final, as defendants will apparently contend, then no action was pending between November 20, 1940 and August 7, 1944 and the applicable statutes of limitation were not suspended. On the other hand, if this decree was merely interlocutory and the same case was later tried by the government, then plaintiffs' contention is that the action was pending during the years in question and the time limitations suspended.

Accordingly plaintiffs seek a wide range of records to aid them in this hearing, indeed "all documents, papers, letters, memoranda or other data in their possession which constitute, relate or contain evidence relating to negotiations between said de-

Sperry, Weinberg & Ruskay, New York City (Joseph A. Ruskay, New York City, of counsel), for plaintiffs.

Austin C. Keough, New York City, for defendants Paramount Pictures Corp., Paramount Pictures Inc., and Paramount Film Distributing Corp.

Schwartz & Frohlich, New York City, for defendant Columbia Pictures Corp.

MURPHY, District Judge.

This motion by plaintiff for production of documents under Rule 34, Fed.Rules Civ. Proc., 28 U.S.C.A., poses again the question of where the line should be drawn with respect to relevancy and to privilege—in this case arising out of attorney-client relationships and the alleged "work product" of attorneys.

1. No opinion for publication.

fendants and the government with respect to the decree of November 20, 1940 * * * and relating to any negotiations or proposals for the modification of said decree." Attached to plaintiffs' motion is an itemized list of 65 letters, documents or memoranda in the files of one law firm for the parties defendant, Paramount Pictures Corporation, Paramount Pictures, Inc. and Paramount Film Distributing Corporation. Although the date on nearly all papers is indicated, none of them are described in the list by subject matter, except memoranda and drafts of attorneys. Letters, telegrams and papers of communication are described only by sender and receiver. I have the word of counsel who appeared for Paramount corporations on oral argument, but who submitted neither brief nor affidavit, that these items refer to various subject matter. Under this statement of counsel, I would categorize these papers thus:

A. Communications from defendant to own counsel, including from defendant's home counsel to its general counsel.

B. Communications from defendant's counsel to defendant, including from defendant's general counsel to its home counsel.

C. Memoranda and drafts prepared by defendant's counsel for defendant.

D. Communications to and from defendant's counsel to a co-defendant, not his client.

E. Communications to and from defendant's counsel to counsel for co-defendant.

F. Communications to and from counsel for the government and defendant's counsel.

At the outset, it must be emphasized that I have no affidavits on this motion from any of the defendants or their counsel, except one from counsel for defendant Columbia. A single memorandum of law was handed up by counsel for defendant T. C. F. Film Corp. Oral opposition was made, as already indicated, by counsel for the Paramount corporations. This was so even though plaintiffs have alleged service of their affidavit and notice of motion on nine defendants, and of their memorandum of law on four of these nine.

The first objection is to relevancy. On this ground the motion is denied with respect to defendant Columbia. Its affidavit is not controverted and is to the effect that Columbia was not a party to the consent decree in 1940, and has not urged the defense of time limitation in the scheduled separate hearing. With respect to the Paramount corporate defendants, we do not find this objection a compelling ground at this stage of the proceeding. By now it is trite to say that the scope of pre-trial examination in the Federal Courts is sweeping and covers not only evidence for use at trial but also matters inadmissible as evidence but leading to discovery of admissible evidence. "No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case." Hickman v. Taylor, 329 U.S. 495 at page 507, 67 S.Ct. 385, 392, 91 L.Ed. 451. It is not however correct to intimate that unlimited discovery is permitted. There are no allegations by these defendants that the examinations are sought in bad faith or to annoy, embarrass or oppress them. Cf. rule 30(b) and (d), Fed.Rules Civ.Proc., 28 U.S.C.A. While there is some authority that negotiations leading up to a consent decree are inadmissible at the stage of a subsequent trial to establish the significance of the decree, Gila Valley Irrig. Dist. v. United States, 9 Cir., 118 F.2d 507, other cases have permitted examination of the trial record at this stage to ascertain the court's intention in entering such decree. White v. Federal Deposit Ins. Corp., 4 Cir., 122 F.2d 770, certiorari denied 316 U.S. 672, 62 S.Ct. 1043, 86 L.Ed. 1747; Louisiana Land & Exp. Co. v. Parish of Jefferson, D.C.E.D.La., 59 F.Supp. 260. At this preliminary stage of the proceedings, where the test of relevancy is not so narrow as at trial, it is premature and possibly unnecessary to resolve this question. Premature, I say, because at the stage of trial, the court will be in a superior position to make a determination in the light of more considerable evidence; and possibly unnecessary, because the plaintiffs may never undertake to introduce at trial the fruits of their discovery.

■ The objections with respect to privilege, cf. rule 26(b), Fed.Rules Civ. Proc., 28 U.S.C.A., and the so-called "work product" of attorneys, Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, are more serious. Under the applicable State statute regulating the attorney-client privilege, N.Y.Civil Practice Act, § 353, communications made by client to attorney for the purpose of professional advice or assistance are privileged, Bacon v. Frisbie, 80 N.Y. 394, as are those from attorney to his client which reflect a privileged communication from the client. See Rintelen v. Schaefer, 152 App.Div. 727 at page 729, 137 N.Y.S. 527. Privilege consequently covers categories A and B, set forth supra, and the motion is accordingly denied with respect to items which appear to fall within those categories on the face of plaintiffs' affidavit.

■ Similarly, items falling in category C, supra, (such as those specified in "Item 5–1 (a)" to "(j)" of plaintiffs' affidavit) which appear to be the "work product" of defendant's attorneys are not subject to production, and the motion is accordingly denied with respect to them. It is not possible to indicate, from the papers before the Court, which of the remainder of the 65 items sought by plaintiffs, fall into these categories of A, B or C, and which ones fall into the other categories.

It may well be that certain items, not thus privileged or amounting to "work products" on the face of plaintiffs' identifying reference to them in his affidavit, may nevertheless contain matter not subject to production. For example, communications to and from one defendant's counsel to a co-defendant's counsel (category E, supra) may contain matter privileged or amounting to "work product" because they reflect communications from client to attorney (category A) or from attorney to client (category B) or work product of an attorney for his client (category C). But plaintiffs are not in possession of such items, and presumably cannot more particularly describe them than their present reference, which simply identifies them. Defendant has not claimed that

items apparently belonging in categories D, E and F, contain matter privileged (as in categories A and B) or amounting to "work product" (category C). Under such circumstances, plaintiffs' motion will be granted as to all such items which do not appear on the face of plaintiffs' affidavit to be in categories A, B or C.

This determination is made solely with respect to the Paramount parties defendant (Paramount Pictures Corporation, Paramount Pictures, Inc. and Paramount Film Distributing Corporation). This is so because the 65 items requested in plaintiffs' affidavit relate only to the Paramount corporate defendant.

Motion denied with respect to defendant Columbia Pictures Corporation.

Motion disposed of in accordance with this opinion with respect to the Paramount parties defendant.

Settle order.