LAND, J.
On July 15, 1892, Mrs. Katie Area, wife of Gustave Godchaux, granted, bargained, and sold to the defendant company, by warranty deed, a small tract or parcel of land, containing above five acres, adjoining the town of Abbeville, for the cash price of $1,000. The contract contained the following clause, to wit:
“It is well understood and agreed that this transfer of the above-described property is made solely for the purpose of enabling the said railroad company the right to use the same for the necessary side track, yard, depot, grounds, warehouses, landing, turntable, roundhouse, etc., and for -all necessary purposes for the use and enjoyment of said railroad company.”
The description of the land conveyed shows that it was taken from a larger area owned *80 by the vendor. The railroad company took possession of the tract, and has ever since used the same for railroad purposes.
On September 15, 1910, the railroad company leased unto Louis Vallee a certain portion of said tract measuring 25 by 100 feet for the purpose of constructing a warehouse thereon for collecting and storing grain to be shipped over the railroad company’s line.
The present suit was instituted on • November 19, 1910, by plaintiff, as sole heir of Mrs. Katie Godchaux, born Area, to set aside the sale of July 15, 1892, on the ground that the railroad company had violated the condition of the contract by leasing a part of the tract to L. Vallee for commercial purposes. The petition represents that Vallee had constructed on the tract, for his private use, a warehouse, wherein he carried on a warehouse business, and had put the building to various other uses for his own private advantage. Plaintiff prays in the alternative for judgment prohibiting and enjoining the use of said property for private purposes and for any purpose not stipulated in the contract, and that the lease between the railroad company and Vallee be canceled and annulled in so far' as the same in any manner may affect the plaintiff in the premises.
The petition represents that the tract was ceded to the railroad company to be used exclusively for the purposes set forth in the act of sale, “with the idea that the undertaking of such works as were contemplated at the time of the passing of the act would improve and enhance the value of the vendor’s property; this being a strong consideration in the sale of the land for a comparatively insignificant price.”
The railroad company in its answer averred absolute title to the tract of land, free from conditions or restrictions; that the price paid was much greater than the value of the land; and* that respondent had never used said land, nor leased any part of it, for other than railroad purposes. Louis Vallee answered that the lease in question was made to assist and facilitate the public in storing and shipping goods over the. line of the railroad- company, and the premises had been used solely for storage and shipments of freight in connection with the business of said company.
The cause was tried, and there was judgment for defendants. The plaintiff has appealed.
Plaintiff, as a witness, gave the following reasons for his objection to the use of the depot site for other than railroad purposes:
“Because it decreases the value of my lands on the other side of the railroad track; it reduces my rentals, and I am objecting to them renting a piece of ground that comes right in competition with me and cuts my rents. I am renting a piece of property 20 feet square without anything on it for $8 per month much further away from town than where Vallee’s warehouse is.”
Plaintiff also testified that he objected to the use of cane derricks on the depot site for the purpose of loading cane on the cars of the defendant company, because they came in competition with his own derricks on his own switch.
The sale of 1892 recognizes the right of the railroad -company to construct and operate “warehouses,” necessary for railroad purposes. The lease of 1910 was for the purpose of constructing a warehouse for collecting and storing grain to be shipped over the railroad company’s line. This lease was for a nominal consideration, and the only motive for the railroad company’s entering into the contract was the expectation that such a facility would increase shipments over its line. The agent of the company testified that, if the warehouse was used for private purposes, it was without his knowledge and consent. Vallee testified that from 98 to 99 per cent, of the freight stored in the warehouse came over the lines of the railroad company. Vallee kept a retail store in Abbe- *82 ville, and the evidence shows that he used the warehouse for the transaction of business not connected with railroad shipments.
In 1892 Abbeville was a small town with a population of 500 or 600. Mrs. Godchaux owned a plantation of 129 acres adjoining Abbeville. The railroad company tendered §300 for 594 acres of the tract. Mrs. Godchaux declined the tender, and an expropriation suit followed. The result was a compromise for $1,000. The evidence tends to show that the value of the land sold was from $30 to $50 per acre. At any rate, the price paid represented the full market' value of the property at the time.
The clause in the act of sale reciting the purposes of the conveyance is couched in general terms. The clause expressly includes both “depot grounds” and “warehouses,” and thus recognizes “warehouses” as a necessary railroad purpose. As the limitation on the uses was in favor of the vendor, any doubt or obscurity arising from the want of necessary explanation of the terms employed should be construed in favor of the purchaser. O, G. art. 1958. Thus construed, the clause means that the “warehouses” referred to may be used for any railroad purpose. The clause, however, if it means anything, excludes the use of such warehouses for private purposes. The clause has none of the earmarks of a resolutory condition, but is what is called at common law a “covenant,” or at civil law an “accidental stipulation.” C. O. 1764. The remedy for the breach of such a stipulation is by injunction or suit for damages. The case of Wilzinsky v. L., N. O. & T. R. Co., 66 Miss. 595, 6 South. 709, cited in plaintiff’s brief, was an injunction suit to prevent the railroad company from permitting a third party to erect a seedhouse upon the lands granted for “a railroad purpose and none other.” Whether the defendant railroad company operates a warehouse for railroad purposes directly or through a lessee does not concern the plaintiff, the gist of whose complaint seems to be that the warehouse is used for private purposes. This complaint to some extent is supported by the evidence. While the act of lease does not confer on the lessee the right to use the warehouse for private purposes, it was the business of the railroad company to see that the warehouse was not used for purposes beyond the purview of the contract.
It is therefore ordered that the judgment below be reversed; and it is now ordered that the defendants be perpetually enjoined and restrained from using the warehouse in question for private purposes; and it is further ordered that otherwise the demands of the plaintiff be rejected, and that defendants pay costs in both courts.