(132 So. 510)

ASKEW et al. v. VICKSBURG, S. & P. RY. CO.

No. 30266.

Feb. 2, 1931.

W. M. Murphy, of Tallulah, for appellants.

Stubbs & Thompson, of Monroe, for appellee.

O'NIELL, C. J.

This is a suit to recover two acres of land in the town of Tallulah. The land was described in a grant of a railroad right of way and depot site, by Mrs. Sarah Fatheree to the Vicksburg, Shreveport & Texas Railroad Company, on the 30th day of April. 1855. The plaintiffs are the heirs of Mrs. Sarah Fatheree, who died more than seventy years ago. The defendant is the successor in title of the railroad company, grantee.

The plaintiffs contend that the grant did not convey the two acres of land, but conveyed only a servitude, to use the land for a depot site, and that, as the grantee or its successor in title did not build a depot on the land, the servitude was lost by the prescription of ten years, for nonuse, under article 789 of the Civil Code. The defendant contended that the grant conveyed the land itself, and not merely a servitude on it; and the defendant pleaded that, in so far as this suit was an action to enforce a resolutory condition, it was barred by the prescription of ten years, as decided in R. E. E. De Montluzin Co. v. New Orleans & N. E. Railroad Co., 166 La. 822, 118 So. 33. The district court sustained the defense; and the plaintiffs have appealed from the decision.

The two acres of land were a part of a large plantation, known as Askew Plantation, belonging to Mrs. Sarah Fatheree at the time of the grant. The property granted is described in the deed, immediately following the description of the railroad right of way, thus: "Also two acres of land for purposes of a railroad depot, to be measured off as follows, to-wit," etc. Our opinion is that the expression, "for purposes of a depot," merely described the purpose, or, we might say, one of the considerations, for which the grant was made. The language of the instrument does not limit the conveyance to that of a mere servitude on the two acres of land. On the contrary, a clause was written in the deed, immediately following the description of the

two acres of land, declaring that it was understood that the grant of the right of way along the line of the proposed railroad was a grant of only a right of way, to be used only for a right of way. The fact that no such limitation or stipulation was made with regard to the two acres of land strengthens our conviction that the intention of the grantor was to convey the two acres of land itself, and not merely a servitude on it. In so far as the stipulation "for purposes of a depot" may have been intended as a resolutory condition, this action is barred by the prescription of ten years, according to the ruling in the De Montluzin Case. If the clause, "for purposes of a depot," was not intended to be a resolutory condition, the failure of the railroad company to build a depot on the two acres of land did not give the grantor or her heirs a right of action to recover the land.

The judgment is affirmed.