175 So. 468

## NOEL ESTATE, Inc., v. KANSAS CITY SOUTHERN & GULF RY. CO. et al.

No. 34263.

May 24, 1937.

Rehearing Denied June 21, 1937.

Dickson & Denny, of Shreveport, for appellant.

Wilkinson, Lewis &˙ Wilkinson, of Shreveport, and F. H. Moore, of Kansas City, Mo., for appellees.

HIGGINS, Justice.

The plaintiff instituted this action alleging that it is the owner of a certain specifically described piece of land acquired through its author in title, S. N. Kerley; that the defendant Railway Company is slandering its title, claiming to be the owner of the property through a title also acquired from S. N. Kerley; that the grant or conveyance by Kerley to the defendant was a servitude upon the land in question for railroad purposes only, and that the servitude had been lost by a nonusage of ten years. The defendant filed exceptions of no right or cause of action on the ground that its deed from Kerley vested a fee-simple title in the defendant to the land;

and that the action to enforce the resolutory condition that the land should revert to the vendor, if the defendant abandoned the property, was prescribed by ten years' prescription, which was specially pleaded.

The district judge sustained the exceptions and the plea of prescription upon the grounds urged by the defendant, and dismissed the suit. Plaintiff has appealed.

The document, under which the defendant acquired its rights, reads as follows:

"State of Louisiana,

"Parish of Caddo.

"Be it known, That on this day, before me, Lewis E. Carter, Notary Public, in and for said Parish, duly commissioned and sworn, came and appeared, S. N. Kerley, a resident of Caddo Parish, State of Louisiana, who declared that he does by these presents grant, bargain, sell, convey and deliver with full guarantee of title, and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed, unto Kansas City Shreveport and Gulf Railway Company, a corporation having its legal domicile at Shreveport, Louisiana, the following described property, to-wit:

(Here follows a specific description of the land in question, concluding with:)

"* * * containing nine & 68/100 (9.68) acres, more or less, *said tract of land herein described is sold and conveyed for railroad purposes only and this grant shall be in perpetuity or so long as it is used by said Company, its successors, or assigns, for railroad purposes, but if abandoned by said Company for such use and purpose, then said land shall revert to the grantor herein or his heirs or assigns.*

"Reference is hereby made to a blue print showing the land hereby conveyed, said blue print being attached hereto and made a part hereof.

"To have and to hold said described property unto said purchaser its successors, heirs and assigns forever.

"This sale is made for the consideration of the sum of One Dollar, cash in hand paid, receipt of which is hereby acknowledged.

"The certificate of mortgage is hereby waived by the parties and evidence of the payment of taxes produced.

"Done and passed at my office in said Parish of Caddo, in presence of Jas. Crangle and F. C. O'Leary, competent witnesses, on this the fifth day of February, A. D., Nineteen Hundred (1900).

"S. N. Kerley.

"Attest:

"Jas. Crangle

"F. C. O'Leary.

"Lewis E. Carter,

"Notary Public in and for Caddo Parish, Louisiana."

The instrument was recorded the same day. (Italics ours.)

On May 29, 1901, Mr. Kerley, by a regular cash act of sale, with full warranty and subrogation, sold the whole northeast quarter of section 12 of township 20, north range 16 west, in the parish of Caddo, with all buildings and improvements there-

on, to Jos. S. Noel, from whom the plaintiff corporation acquired the property. The act was properly recorded.

The above description included the 9.68 acres in controversy.

The sole question before the court is whether or not the deed by Kerley to the defendant conveyed a servitude upon the land for railroad purposes only, or a fee-simple title thereto, subject to a resolutory condition that if the defendant ceased to use the property for railroad purposes "the land shall revert to the grantor herein or his heirs or assigns."

In the case of Clement v. Dunn, 168 La. 394, 122 So. 122, 125, in considering the question of whether or not the deed conveyed a fee-simple title to the land, or a servitude, i. e., an undivided interest in the oil, gas, and other minerals, the court announced the following rule of interpretation:

"But, aside from this, we are of the opinion that the deed itself when considered as a whole does not convey title to the land. It is quite true, as we noted in the beginning, the first clause of the deed conveys an undivided one-fourth interest in the land and likewise the concluding clause, 'to have and to hold the above described land unto the said L. H. Dunn,' etc.

"If these two clauses were accepted as controlling to the exclusion of all other parts of the deed, then we would say that the instrument evidenced a sale of the land. But the instrument must be taken as a whole and effect given to all of its provi-

sions if possible, in order to arrive at the intent of the contracting parties.

"A construction which neutralizes one or more provisions of a written instrument should not be adopted if the contract is susceptible of another, which gives effect to all of the provisions. Glassell v. Richardson Oil Co., 150 La. 999, 1007, 91 So. 431, 434.

" 'A contract containing several clauses, evidencing a business agreement between the contracting parties, is to be viewed as a whole and the intentions of the parties gathered from all the parts thereof, to the end of giving practical effect to the instrument in the way in which such contracts are ordinarily understood.' Lozes v. Sugar Co., 52 La.Ann. 1844, 28 So. 249."

This court, in considering instruments similar to the one in question, has confined the rights of the purchaser or grantee within the provisions of the instrument, it being the surest and safest guide to the parties' intention, and has refrained from extending, by implication, the stipulations of such an instrument so as to grant greater rights than contained therein. Godchaux v. Iberia-Vermilion R. Co., 132 La. 77, 60 So. 1027, and Bond v. Texas & P. Ry. Co., 181 La. 763, 160 So. 406.

Returning now to the document, it will be noted that the first paragraph contains the language usually employed in a sale or transfer of the title in fee simple to property. A description of the realty then follows and coupled with it, and only separated from it by a comma, is the clearest and most definite language restricting

the use of the land for railroad purposes only. It is stated that "this grant shall be in perpetuity," which means that the grant is subject to limitation. In other words, when land is conveyed in perpetuity, it is a limited grant and not a sale in fee simple. It is also provided that when the land is abandoned for such use and purpose, it shall revert to the "grantor." Surely, these clauses are highly restrictive and qualify the previous general language contained in the first paragraph of the instrument. In short, the transaction was a sale or a grant of the property for a specific use and purpose. This is inconsistent with any idea of a sale of the title to the land in fee simple. The former is a restrictive or limited sale or grant and the latter is an outright conveyance of title. In the first instance there is a grant of the use of the land and in the second one, a sale of the land itself.

■ We further observe that the consideration of the conveyance was $1 cash and the smallness or inadequacy of the consideration is wholly inconsistent with any idea or intention on the part of the parties that there was a sale of fee-simple title to the 9.68 acres of land. The conveyance of land to a railroad for a right of way or for railway purposes is the grant of a servitude. Knox v. La. Ry. & Nav. Co., 157 La. 602, 102 So. 685; Rev.Civ.Code, Arts. 709, 722.

■ It is not uncommon for the owners of land in granting servitudes thereon to use the language and a form generally used in a sale of realty, coupled with qualifying clauses designating the servitude. This is particularly true in the granting of gas, oil, and mineral servitudes by the owner of land. Where the parties used the form and language of a lease, this court held that such an instrument does not grant or convey a servitude on the land but creates a lease. Gulf Ref. Co. v. Glassell, 186 La. 190, 171 So. 846. Thus, showing that where a servitude is granted, the language generally employed in the sale of realty is used but it is linked with clauses that limit the grantee's use of the land to a particular or special purpose. No sacramental or orthodox form or language is necessary to grant a servitude on realty. It is only necessary that the parties make clear their intention in the instrument to establish one. Rev.Civ.Code, arts. 709, 722.

■ The defense that this is a sale of the title to the realty in fee simple, with a resolutory condition, is predicated on the language, "but if abandoned by such company for such use and purposes, then said land shall revert to grantor herein or his heirs or assigns." The fallacy in this contention is that one must ignore the language immediately preceding that stipulation where the use of the land is conveyed for railroad purposes only. And, again we say that this restrictive and limited use of the property is wholly irreconcilable with any theory of an outright conveyance of the property in fee simple. One cannot fairly or logically apply the resolutory condition theory without deleting from the instrument the language which definitely and clearly limits the use of the property. This is inconsistent with the rule of interpretation established by this court, that

effect must be given to all of the stipulations in an instrument, if possible, in order to give full effect to the intention of the parties, after viewing the document as a whole.

The trial judge, in his opinion, and the defendant, in its brief filed in this court, cited the cases of R. E. E. De Montluzin Co. v. New Orleans & N. E. R. Co., 166 La. 822, 118 So. 33, and Askew et al. v. Vicksburg, S. & P. Ry. Co., 171 La. 947, 132 So. 510, as decisive of the issues presented.

In the De Montluzin Case there was a sale of the property for the sum of $500 cash and a further consideration that the railroad company would build and establish a regular and permanent station and stopping place on the land conveyed. It was expressly provided that the sale was made with the understanding and on the absolute condition that' these improvements would be made and maintained and that the vendor would not have consented to convey the property except on those conditions. It was also provided that, in the event the conditions were not complied with, or that the company should discontinue the use of the station, that the vendor had the right to recover the property upon paying back the purchase price. The court held that it was a sale of the property in fee simple, subject to a resolutory condition. The act of sale clearly showed that the parties intended that title to the property should pass in fee simple, and that one of the considerations for the sale was the railroad company obligating itself to build and maintain a station on the property. Presumably, the presence of the proposed station at that particular place would enhance the other property which the grantor owned and would be of convenience to her.

In the instant case, there was no obligation on the part of the railroad company to build a station or place any other improvements of a specific nature upon the property and any improvements which it might chose to place thereon are not stated in the instrument to be a part of the consideration for the grant. We might further say that the amount of the consideration paid for the land in the above case would indicate the parties intended the sale of the property in fee simple, but certainly that is not true in the instant case where the recited consideration is $1.

In the Askew Case, the instrument contained a grant of a right of way and a conveyance of two acres of land for a depot site. The court found that the grant of the right of way conveyed only a servitude because of the restrictive language used in making the grant, but noted that in the conveyance of the two acres for a depot site, there was no attempt made to limit or restrict the use of the two acres. The court said: "The language of the instrument does not limit the conveyance to that of a mere servitude on the two acres of land." The court also said: "Our opinion is that the expression, 'for purposes of a depot,' merely described the purpose, or, we might say, one of the considerations, for which the grant was made." The court concluded that it was a sale of the two

acres of land in fee simple with a resolutory condition and not the granting of a servitude. It will be observed that the court, in this case, again recognized the restrictive clauses limiting the use of the property in saying that the grant of the right of way was a servitude. In the absence of restrictive language limiting the two acres to a specific use, the court concluded that there had been a sale and not a servitude. In the instant case, there can be no doubt that the language used positively limited the use of the land for railroad purposes only.

It is our opinion that the instrument in question granted a servitude and not the title to the land in fee simple with a resolutory condition. The district judge sustained the exceptions of no right or cause of action and the plea of prescription of ten years. Necessarily, he did not pass upon the plea of prescription of ten years pleaded by the plaintiff for nonuse of the servitude, and, since he dismissed the suit on the exceptions, the defendant has not had an opportunity to present any other defenses it might have had. Therefore, we shall remand the case.

For the reasons assigned, the judgment of the district court is annulled and set aside, the exceptions of no right or cause of action and the plea of prescription of ten years filed by the defendant are overruled, and the case is remanded to the district court for further proceedings, according to law and consistent with the views herein expressed; defendant to pay the costs of this appeal and all other costs to await the final disposition of the litigation.