Plaintiff, the Gulf, Mobile and Ohio Railroad Company, hereinafter called the railroad company, brought this suit as the owner of certain parcels of land upon which it had spur tracks and of which it had possession for more than one year prior to its disturbance thereof. It alleges that, regardless of its ownership and possession, the defendant erected or caused to be erected a fence in the middle of one of the spur tracks, thereby fencing off two other of its spur tracks, and depriving it of the use of all three spur tracks. The railroad company claims damages from the defendant as a *West Page 111 
result of such act in the sum of $1,000, being for the loss of the use of the said spur tracks and attorney's fees incurred thereby. In its petition the railroad company sets out how it acquired title to the property upon which said spur tracks were situated; the spur track, in the middle of which the defendant caused to be erected a fence, was acquired from W.A. Chandler and R.L. Little, and the other two spur tracks were acquired from Chandler individually, all in June, 1939. Subsequently defendant acquired Chandler's property, which included half of the first spur track and all of the others. The defendant interposed an exception of no cause or right of action, based on the theory that the deeds by Chandler to the railroad company were illegal because they contained a potestative condition. This exception was overruled. Thereafter the defendant filed an answer in which he admitted the fencing of the spur track described, enclosing the other two spur tracks. In defense of such action, he alleged that he had done so for the reason that he had purchased the property from Chandler, and annexed to his answer a copy of his deed. He asked for damages as against the railroad company and called his vendor, Chandler, in warranty.
To this call in warranty Chandler excepted, on the ground that it did not disclose a right or cause of action. This exception was sustained and the call in warranty was dismissed. From this judgment defendant Amacker has appealed.
We are only concerned on this appeal as to whether or not the exception filed by Chandler was correctly sustained and the call in warranty dismissed, the plaintiff having agreed to await the final decision of this question.
It is shown that W.A. Chandler owned the tract of land in the City of Bogalusa upon which the railroad company had the spur tracks. The center of one of these spur tracks formed the dividing line between Chandler's property and that of R.L. Little. In June, 1939, Chandler and Little each conveyed to the railroad company 7 1/2 feet from their respective properties for a distance of 853 feet. This spur track will hereafter be called the main spur track; Chandler, in another instrument, conveyed to the railroad company two strips of land 15 feet wide, one being 214 feet in length for two spur tracks leading from the main spur track in a southwesterly direction over and across the land of Chandler. These spur tracks had been on the property of Chandler for some time prior thereto, but no act recognizing the ownership of the spur tracks had been passed and recorded prior to the act of June, 1939. It is obvious from reading the agreements for the transfer or recognition of these spur tracks from Chandler and Little, and Chandler individually, that these agreements conveyed to the railroad company only a right of way or servitude for the use of the land in the ownership and maintaining of the said spur tracks. See Noel Estate, Inc., v. Kansas City Southern Gulf R.R. Co. et al., 187 La. 717, 175 So. 468.
Chandler, on July 3, 1940, sold to defendant Amacker all of his tract of land, giving as the northern boundary the dividing line between his property and that of Little. Thereafter Amacker enclosed or fenced in the property by constructing a fence on the northern line, which was the center of the main spur track, thereby enclosing half of this main spur track and completely enclosing the other two spur tracks leading from it in a southwesterly direction, in utter disregard of the then existing spur tracks and the deeds on record covering the same.
There is no question that Chandler warranted the title to the property in question to Amacker when he sold the property to Amacker, but since this sale was subsequent to his agreements with the railroad company it could not affect the prior rights granted to the railroad company.
In the sale from Chandler to Amacker there is contained a stipulation or clause to this effect: "It is specially understood that the vendor (Chandler) does not own the railroad company spur tracks and accessories on any part of the property conveyed, but that said tracks are the property of the Gulf, Mobile Ohio Railroad Company" (plaintiff in this suit). Chandler seeks to escape liability on his warranty by virtue of this stipulation or clause and contends under his exception of no cause or right of action, and so held by the trial court, that the spur tracks and the strips of land or rights of way on which they were built were specifically excluded from the sale from him to Amacker and that Amacker purchased the property with these exclusions.
Chandler further contends that, from the pleadings, Amacker was a trespasser and is thereby precluded from calling him in warranty. This contention of Chandler seems to be well taken. Amacker *West Page 112 
admits that he fenced in and took possession of the property which he knew from his deed did not belong to Chandler, but belonged to the railroad company. He does not allege that he ever attempted to cause the railroad company to remove its property off of his land or that the railroad company ever refused to do so. In other words, as to the railroad company's property, which was on the land when Amacker purchased it, he has taken possession of the same without any authority of law, and in that respect he must be viewed as a trespasser. By this action Amacker is now undertaking to call Chandler in warranty to defend him in his acts of trespass. This he cannot do. It is now well settled that a trespasser cannot call his vendor in warranty to defend and support his trespass. See Walker et al. v. Baer-Thayer Hardwood Co. rehearing, 14 La.App. 385, 129 So. 218.
Amacker has an independent remedy against Chandler under whatever warranty the latter assumed. Code of Practice, Article 388. It is our opinion that the judgment appealed from should be amended so as to decree that the exception is maintained as in the case of non-suit.
For these reasons, it is ordered, adjudged and decreed that the judgment appealed from is hereby amended so as to sustain the exception of no right or cause of action and to decree that the call in warranty be dismissed as in case of non-suit. *West Page 120