298 So.2d 124 (1974)
Edward G. KOCH et al.
v.
LOUISIANA POWER & LIGHT COMPANY.
Derbigny Denis MURRELL et al.
v.
LOUISIANA POWER & LIGHT COMPANY.
Edward S. OTT et al.
v.
LOUISIANA POWER & LIGHT COMPANY.
GEORGE M. MURRELL PLANTING & MANUFACTURING COMPANY
v.
LOUISIANA POWER & LIGHT COMPANY.
Nos. 9874 to 9877.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
Rehearing Denied August 13, 1974.
Writ Refused October 18, 1974.
*125 Eugene G. Taggart, New Orleans, and Charles Ory Dupont, Plaquemine, for defendant-appellant in all suits.
Wm. O. Templet, Plaquemine, for Edward G. Koch, plaintiff-appellee in 9874.
J. Evan Delahaye and Paul G. Borron, III, Plaquemine, for plaintiffs-appellees in 9875, 9876 and 9877.
Before LANDRY, ELLIS and PICKETT, JJ.
PICKETT, Judge.
Louisiana Power & Light Company (Appellant) appeals from judgments rendered in these consolidated cases on January 4, 1974, in which the District Court issued a mandatory injunction ordering the defendant to remove its Evergreen-White Castle 34.5 KV electric distribution line from the right of way of Louisiana State Highway No. 1.
Plaintiffs (Appellees): Edward G. Koch, Edward G. Koch, Jr. and Martin R. Koch, in Suit No. 9874; Mrs. Grace Denis Murrell, George Michael Murrell, Jr. and Derbigny Denis Murrell, in Suit No. 9875; Edward S. Ott, Jr., Elizabeth Koch Meijer, David Ewing Ott and Mildred Grace Koch, in Suit No. 9876, and George M. Murrell Planting & Manufacturing Company, in Suit No. 9877, filed these suits on July 6, 1970, seeking a mandatory injunction against the appellant to have it remove its electric facilities from the right of way of that part of Louisiana Highway No. 1, which they claim to own, subject to the Highway servitude.
Defendant-appellant filed dilatory and peremptory exceptions, in each of the cases, which were overruled by the District Court. The defendant-appellant, then, filed an answer in each case denying the allegations in the appellees' petitions; and affirmatively alleged that it has constructed its electric line inside the right of way of Louisiana Highway No. 1 and that it had a right to construct its facilities thereon since it has a permit therefor from the Louisiana Department of Highways, and also was authorized to construct said electric line under an ordinance of the Police Jury of the Parish of Iberville, Louisiana. Furthermore, Appellant alleged that plaintiffs or their ancestors in title had executed a deed transferring to the Department of Highways not only the right of way for the highway, but also for "all other purposes as may be authorized by the laws of the State of Louisiana." Alternatively, appellant contends that plaintiffs-appellees lost any cause of action they may have had through acquiescence, consent or nonaction. See St. Julien v. Railroad Company, 35 La.Ann. 924. Thereafter, the appellant filed peremptory exceptions of no right or cause of action in suits numbered 9875 and 9876 based on the claim that the plaintiffs in each of these cases were not the record owners of said right of way property at the time of the construction work performed by appellant. These exceptions *126 were referred to the merits. A post trial motion by appellant to reopen the case for the taking of further testimony was overruled.
The appellees have answered the appeal in which they allege the time allowed appellant to remove its facilities from their property should be reduced from 120 days to 30 days; and that their claim for attorney's fees should be allowed.
The peremptory exceptions which were referred to the merits were overruled by the District Judge. We concur in his ruling. The record shows that at the time of the construction of the electric lines, there was a judgment of possession in favor of petitioners in Suit No. 9875, but that the judgment erroneously failed to include the land area where the construction complained of was being performed. The judgment of possession was amended to include that specific area, before the suit was filed. The District Judge correctly found that the doctrine of "le mort saisit le vif" disposed of the issue posed by these exceptions. LSA-C.C. Article 940 et seq. Louisiana Civil Code Article 945, provides:
"The second effect of this right is to authorize the heir to institute all the actions, even possessory ones, which the deceased had a right to institute, and to prosecute those already commenced. For the heir, in every thing, represents the deceased, and is of full right in his place as well for his rights as his obligations."
The appellees in Suit No. 9876, acquired by donation the property involved in this suit subsequent to the filing of the suit, but they were properly substituted as parties plaintiff in place of their father, Edward Stanley Ott, prior to the trial on the merits. Whatever rights Edward Stanley Ott had as the owner of the property included in the suit passed to his donees. Standard Homes, Inc. v. Prestridge, 193 So.2d 100. Hence, these exceptions were likewise properly overruled.
The appellees have waived their claims for damages. Therefore, the chief remaining issue is whether the appellees are entitled to injunctive relief.
The District Judge found the plaintiffs-appellees to be the fee owners of the strip of land formerly granted as a right of way for Louisiana Highway 1, and on which appellant had placed its electric lines. The Court, also, found that appellant had no legal right to construct the power lines on appellees' property without their consent. In a thorough and well reasoned opinion, the District Judge said:
"The servitude agreement entered into between the Department of Highways and the plaintiffs' ancestors in title in 1931 contains this clause:
`It is expressly understood that this grant and transfer of the above described right of way is made for the construction and maintenance of the said Plaquemine-White Castle State Highway, Route No. 168-1101 in the Parish of Iberville, and for such other purposes as may be authorized by the laws of the State of Louisiana.'
"In Louisiana Power & Light Company v. Dileo, 79 So.2d 150 (La.App. 1st Cir. 1955), the court had before it a case somewhat similar to the case at bar factually, but there, the right of way agreement in favor of the Department of Highways and relied upon by Louisiana Power & Light Company provides:
`It is expressly understood and agreed that this dedication and transfer of the above described right of way is made for and shall be used solely for the construction and maintenance of the said Hammond-Amite State Highway (Route No. 33).'
"As correctly pointed out by the defendants here, the use clause in the Dileo case was more restrictive than here. Therefore, it might be said that the Court in that case was not squarely *127 faced with the question we have here. However, a careful reading of that case reveals that the opinion did not turn on the presence or absence of that restrictive clause, which was merely adverted to by the Court in pointing out that the State owned only a servitude and `has no right of ownership in the part, but only the right of using it.' However that may be, certain pronouncements made by the court there, are directly applicable to the case at bar. We note the following comments by Judge Tate, particularly:
`Plaintiff-Company properly sought the consent of the Department of Highways to place their poles on and line across the land subject to the highway right of way. But the Company cannot set their poles on and their lines across these lands without the consent also of the owners of the surface title thereto, or without securing this servitude by expropriation as here. Although the strips of land in question are subject to a servitude for public highway purposes, this servitude does not extend to the use for private power line purposes. Insofar as binding the surface owners of the land, the highway department for the State of Louisiana as owner merely of the highway servitude has no authority to grant permission to another for its use for another purpose. Bond v. Texas & Pacific Railway Co., 181 La. 763, 160 So. 406; Godchaux v. Iberia-Vermilion Railroad Co., 132 La. 77, 60 So. 1027; City of Alexandria v. Morgan's Louisiana & Texas Railroad & Steamship Co., 109 La. 50, 33 So. 65, and the lead case, Bradley v. Pharr, 45 La. Ann. 426, 12 So. 618, 19 L.R.A. 647. (emphasis added)'
"The right of imposing a servitude belongs to the owner of the property alone. LSA-C.C. Arts. 729, 731. And the property owner who has established a servitude on the property, nevertheless retains the exclusive right to grant other servitudes on the identical property, provided the use of such servitude does not interfere with the older servitude. (LSA-C. C. Art. 749. `He whose estate is incumbered with a servitude, may impose on it other servitudes of any kind, provided they do not affect the rights of him who has acquired the first.') Therefore the Department of Highways being itself merely the owner of a servitude has no right or power to create a servitude upon the plaintiffs' property.
"This court also finds that the clause in the right of way agreement before us to the effect that the servitude is given for the construction and maintenance of the highway `and for such other purposes as may be authorized by the laws of the State of Louisiana,' does not give to the Department of Highways the right to create a servitude in favor of Louisiana Power & Light Company or the right to allow the power company to use the right of way without first obtaining its own servitude from the landowner.
"Defendant contends that it derives its rights from a franchise granted by the Iberville Parish Police Jury under authority of LSA-R.S. 33:4361 and a permit granted by the Department of Highways in accordance with the provisions of LSA-R.S. 48:381.
"LSA-R.S. 33:4361 authorizes police juries to grant franchises, subject to conditions, regulations and restrictions, over public places, roads, streets and alleys outside any corporate limits, for the purposes here carried out among others. When such franchise is granted over a state highway written consent of the Louisiana highway engineer is required (LSA-R.S. 33:4362), and the provisions of Chapter 2 of Title 48 must be satisfied."
It was necessary for appellant to obtain these permits. But that did not relieve appellant of the duty of securing a servitude from the owners of the property. *128 "Obviously a franchise from a police jury cannot create a servitude in favor of third parties affecting property upon which it owns only a servitude. LSA-C.C. Article 658 provides, as follows:
`The part of an estate upon which a servitude is exercised, does not cease to belong to the owner of the estate; he who has the servitude has no right of ownership in the part, but only the right of using it.
`Hence the soil of public roads belongs to the owner of the land on which they are made, though the public has the use of them; the owners of the land cannot change the roads except in conformity with the regulations of the police established on this subject.'
"The attention of the Court has been directed to the provisions of LSA-R.S. 48:381 which provides for the issuance of permits by the Director of the Department of Highways for the construction of electrical transmission lines within a highway right of way when not inconsistent with highway department interest. This does not mean, however, that the department can create a right of servitude in favor of a power company where none has been acquired by that company from the property owner.
"Defendant cites LSA-R.S. 48:217 which provides as follows:
`The department may by donation, purchase, exchange, lease, or expropriation, without any competitive bidding, acquire any immovable property, public or private, or the use thereof, including servitudes, lands and improvements on lands, necessary for the right of way of any highway included in the state highway system or any appurtenance thereto and for any of the purposes of this Chapter, including whatever property rights are necessary to restore access to property that has been landlocked by highway construction or those property rights which are necessary for the removal thereto of public utility and railroad facilities to accommodate the construction and maintenance of a state highway and the appurtenances thereto'... (Emphasis supplied by defendant.)
"The argument made is that among the `purposes of this Chapter' are the uses which the law permits others to make of the highway rights of way when approved by the department of highways under the provisions of LSA-R.S. 48:381.
"LSA-R.S. 48:381 provides in part as follows:
`A. When not inconsistent with the purposes of state highways, the director may issue permits for the use and occupancy of the right of way of state highways as follows:
`(1) For the installation, operation and maintenance of underground pipes, conduits or cables along or across the highways for the purpose of transporting or conveying fluids, telephone or telegraph messages, gases or electric current for any purpose.
`(2) For the installation, operation and maintenance of overhead cables, conduits or wires, together with appropriate supporting structures, for the transmission of telephone or telegraph messages or electric current for any purpose....
`B. All such installations shall be in accordance with the best modern practice and national underwriting standards and shall be so maintained. Permits shall be issued only to owners of the facility and shall be nonexclusive. Installations which will interfere with the proper operation and maintenance of highways are expressly prohibited....
`E. The director may also assess reasonable fees in connection with the issue *129 of permits to defray the expense of inspections by the department's employees....
`F. The director ... may issue such other regulations and impose such other limitations as he thinks necessary and desirable.'
"This section does not list any of the purposes of the Chapter, but merely ennumerates the uses which parties other than the State, may be permitted, subject to regulation, limitation, inspection, and inspection fees. It is a safeguard against uses inconsistent with highway purposes."
As an alternative defense, the appellant pleaded the "St. Julien Doctrine" which is to the effect that a landowner waives his right to attack as legally unauthorized the use of his land appropriated for a public purpose by a party with the power of eminent domain, when the landowner, with full knowledge of the unauthorized taking, expressly consents to it, or silently acquiesces therein. The doctrine received its name from the pronouncements by the court in J. G. St. Julien v. Morgan's Louisiana & Texas Railroad Co., 35 La.Ann. 924. We concur in the conclusion of the District Court, who in rejecting the "St. Julien Doctrine", said:
"Further, as to the alternative argument we find that the St. Julien Doctrine previously mentioned does not apply to the facts before the court. The record is replete with testimony to the effect that the petitioners and their counsel made their opposition known to the officials of Louisiana Power & Light Company on numerous occasions prior to and during the construction of these lines. It appears that all that is required of the landowner in cases of this nature is reasonable notice to the offending party of his objection. See, e. g., State Department of Highways v. Poole, 243 So.2d 539 (La.App. 1st Cir. 1970). Clearly, the power company officials here were well aware of the plaintiff's opposition from the beginning of the construction and throughout its duration, thus removing this case from the applicability of St. Julien, and distinguishes it from the ruling in Veillon v. Columbia Gulf Transmission Company, 192 So.2d 646 (La.App. 3d Cir. 1966)."
We, also, concur in the judgment of the District Judge in rejecting appellees' claim for attorney's fees, for the reasons stated, as follows:
"as a general rule, it is well established that attorney's fees are not allowed except when authorized by statute or contract. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1959). Although there is considerable conflict in the jurisprudence as stated in the Hernandez case, it appears to this Court that when attorney fees are allowed in cases such as this, they were instances of malice or wanton disregard of the rights of the landowner. We do not find that such was the case here, as we think that all parties acted in good faith, relying albeit incorrectly on a supposed right acquired from the Department of Highways. Therefore, we do not think this to be an appropriate case for the awarding of attorneys' fees to the plaintiffs, absent a statute or contract providing for their recovery."
For the above and foregoing reasons, the judgment of the lower court is affirmed, the appellant to pay all costs.
Affirmed.