484 So.2d 717 (1986)
HEIRS OF Felicien PRIMEAUX, Plaintiffs-Appellants,
v.
ERATH SUGAR COMPANY, LTD., Defendant-Appellee.
No. 84-1042.
Court of Appeal of Louisiana, Third Circuit.
February 20, 1986.
Rehearing Denied March 18, 1986.
*718 Rebecca Kirk, Abbeville, for plaintiffs-appellants.
Paul Moresi, Jr., Abbeville, for defendant-appellee.
Before STOKER, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
The heirs of Felicien Primeaux bring this appeal concerning the interpretation of a written instrument conveying the use of land to construct and operate a sugar refinery. The trial court ruled that the instrument was a contract of sale with a right of redemption from Felicien Primeaux to Erath Sugar Company, Ltd. (hereafter Erath), and sustained the peremptory exceptions of liberative prescription filed by Erath. The heirs raise the following issues: (1) whether the trial court erred in maintaining the peremptory exceptions of liberative prescription of five and ten years under LSA-C.C. Arts. 3497 and 3499; and (2) whether the clause contained in the 1909 deed was redemptive or reversionary. We reverse and overrule the peremptory exceptions finding that the instrument constituted a conventional predial servitude.

FACTS
In December 1909 Felicien Primeaux conveyed to Erath Sugar Company four and one-half arpents of land to be used as the site for a sugar refinery. The instrument, in its entirety, reads as follows:
"State of Louisiana

Parish of Vermilion. Before me Fernand L. Guidry a Notary Public duly commissioned and qualified in and for the Parish and State above written and in the presence of the witnesses hereinafter named and undersigned personally came and appeared Felicien Primeaux, a married man, whose wife is Elizabeth Thibodeaux, of legal age and a resident of the Parish of Vermilion, Louisiana, who declared that whereas he ownes [sic] lands in large quantities in the neighborhood of where it is proposed to build and erect a Refinery by the Erath Sugar Company Limited, a Corporation existing under the Laws of this State, and whereas if a Refinery is built it will enhence [sic] the value of his lands, and that of his neighbors, and in consideration further of the many benefits to be derived from the construction of said Refinery and the further consideration of One dollar paid cash in hand the receipt of which he does hereby avknowledge [sic] he does hereby grant and convey unto the Erath Sugar Company Limited the following described property to-wit:

One certain parcel of land situated in the Parish of Vermilion, Louisiana, being triangular in shape, and containing Four and ½ arpents; measuring Eight hundred and fifty feet on the West Line running North and South by Six *719 hundred and Sixty eight feet and Five hundred feet on the East line thereof running triangular in shape and being bounded on the North by Darmas Hebert and appearer herein, South and East by the said appearer and West by Darmas Hebert, as more fully appears by the Sketch set out in the Certificate of Mortgages hereto annexed.

The property above described is conveyed and transferred as above stated for the purpose of enabling the Erath Sugar Company Limited to use the same in building and constructing a Refinery and as there is not sufficient land in the parcel above described to make a proper Site for said Refinery; although the same is advantageous in making up a Site; all that is required of said Erath Sugar Company Limited is that is shall make use of the above land, or some portion thereof, in the construction and erection of its Refinery Plant, but it is not required that the entire plant shall be constructed thereon, and the said Erath Sugar Company Limited shall have the right to excavate, build and construct all other works on said land as may be necessary and proper, and in the manner it may see fit, for the proper maintenance and operation of said Refinery, its Plant, appurtenances and paraphernelia [sic].
In case said Refinery is not built as above stated within one year from this date the land herein conveyed shall revert to the said appearer, his heirs and assigns in full ownership free from any encumbrances and it is further understood and agreed that in case said Refinery shall cease to operate for a period of ten successive years then and in that case said land shall revert to the said appearer, his heirs and assigns in full ownership free from any encumbrances whatever.
To have and to hold the said property as above stated with full warranty of title and with full guarantee against troubles and encumbrances unto the said Erath Sugar Company Limited, its Successors and assigns, and V.L. Caldwell being present, the President of said Company accepts said Grant and Conveyance for, and in the name of said Erath Sugar Company Limited.
The Certificate required by Article 3364 of the Revised Civil Code of this State is hereto attached.
Thus, done, read and signed at Erath La/ [sic], in the presence of Messrs P.J. Greene and Z.B. Broussard competent residents witnesses who have signed with the contracting parties and me, Notary, after due reading of the whole.
 In 1910 Erath constructed, and subsequently began operating, a sugar refinery on the property in question. It is undisputed that Erath ceased operation of the refinery in 1970, and that the refinery has not been operative since then.
In 1983 the heirs of Felicien Primeaux filed this suit for declaratory judgment, seeking return of the property pursuant to the alleged reversionary clause. Erath filed the following peremptory exceptions: no cause and/or no right of action; ten years acquisitive prescription; thirty years *720 acquisitive prescription; five years liberative prescription; and ten years liberative prescription. After a hearing on the exceptions, the trial court maintained the exceptions of five years liberative prescription under LSA-C.C. Art. 3497 and ten years liberative prescription under LSA-C.C. Art. 3499. The suit was dismissed at plaintiffs' cost.
The decision of the trial court turned upon one clause contained in the instrument:
"... and it is further understood and agreed that in case said Refinery shall cease to operate for a period of ten successive years then and in that case said land shall revert to the said appearer, his heirs and assigns in full ownership free from any encumbrances whatever."
The trial court viewed this clause as a redemptive clause. In its written reasons, the court stated: "Though the classification of the provision in question may be subject to much argument and discussion, this Court views that provision as leaning more towards one of redemption as opposed to reversion." The trial court gave no reasons for this ruling. Erath contends the instrument was a contract of sale with a right of redemption, therefore, liberative prescription under C.C. Arts. 3497 and 3499 were applicable. We disagree.
The right of redemption is an agreement by which the vendor reserves to himself the power of taking back the thing sold by returning the purchase price within a ten year period. LSA-C.C. Arts. 2567 and 2568. The instrument in question does not support the position of Erath because it fails to state a price for redemption or give any indication that Felicien Primeaux, or his heirs and assigns, would have to purchase the property upon maturity of the conditions contained in the clause. The conditions clearly do not involve a buying back and, therefore, cannot be construed as a right of redemption. Further we find the one dollar paid is clearly out of proportion with the value of the land, therefore, it would not constitute proper consideration to support a contract of sale. Porter v. Acadia-Vermilion Irr. Co., 479 So.2d 1003 (La.App. 3rd Cir.1985). We must, therefore, look at the entire instrument to determine what the parties intended.

CONVEYANCE OF SERVITUDE WITH RESOLUTORY CONDITION
A reading of the entire instrument clearly shows the intent of Felicien Primeaux to let Erath use a certain portion of Primeaux's property for the construction and operation of a sugar refinery to enhance the value of Primeaux's property and that of his neighbors, thereby establishing a conventional predial servitude. The instrument could equally be termed a limited personal servitude which is governed by the laws of usufruct and predial servitudes. LSA-C.C. Arts. 639-645. No orthodox form is necessary to grant a servitude on realty; it is only necessary that parties make clear their intention in the instrument to establish one. Noel Estate v. Kansas City Southern & Gulf Ry. Co., 187 La. 717, 175 So. 468 (1937). It is not uncommon for the owners of land in granting servitudes thereon to use the language and a form generally used in a sale of realty, coupled with qualifying clauses designating the servitude. Noel Estate, supra. Conventional predial servitudes and personal servitudes affecting immovable property which are created by agreement between the parties must be in writing. Langevin v. Howard, 363 So.2d 1209 (La. App. 2nd Cir.1978), writ refused, 366 So.2d 560 (La.1979). Establishment of a servitude by title is an alienation of part of the property and is governed by the laws of immovable property. LSA-C.C. Art. 708, Norton v. Thorne, 446 So.2d 972 (La.App. 3rd Cir.1984).
Doubt as to the existence, extent, or manner of exercise of a predial servitude shall be resolved in favor of the servient estate. LSA-C.C. Art. 730. The rule of interpretation is that effect must be given to all of the stipulations in an instrument, if possible, in order to give full effect to the intention of the parties, after viewing *721 the document as a whole. Noel Estate, supra.
A predial servitude established for a term or under a resolutory condition is extinguished upon the expiration of the term or the happening of the condition. LSA-C.C. Art. 773. Article 1767 defines resolutory condition as follows:
"If the obligation may be immediately enforced but will come to an end when the uncertain event occurs, the condition is resolutory."
In the case sub judice, the clause relied upon by Erath falls within the definition of a resolutory condition. The failure of the refinery to operate for ten successive years was the occurrence of an uncertain event that brought to an end the obligation the heirs of Primeaux owed to Erath of using four and one-half arpents of their land for the operation of the sugar refinery. The purpose for the use of the land no longer existed and thereby no longer enhanced the value of the Primeaux property and that of his neighbors. The consideration for the use of the land was the enhanced value to the property the sugar refinery would bring. When Erath ceased to operate the sugar refinery for ten successive years, the property reverted back to the Primeaux heirs in full ownership free from any encumbrances. Since the resolutory condition matured in 1980, the heirs clearly may invoke their right of reversion, which was expressly reserved in the 1909 instrument.
The jurisprudence of Louisiana has long recognized reversionary interests in real property. See Reaux v. Iberia Parish Police Jury, 454 So.2d 227 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 120 (La. 1984); Sun Oil Co. v. Stout, 46 So.2d 151 (La.App. 2nd Cir.1950); Board of Trustees of Ruston Circuit, Etc. v. Rudy, 192 La. 200, 187 So. 549 (1939); Segura Realty Co. v. Segura Sugar Co., 145 La. 510, 82 So. 684 (1919); and Voinche v. Town of Marksville, 124 La. 712, 50 So. 662 (1909). The failure of the donor or vendor to reserve expressly a right of reversion constitutes a divestiture or abandonment of any such right; in the absence of a reversionary clause the heirs or assigns of the donor or vendor cannot set aside the transfer or repossess the property because of a failure by the donee or vendee to use the property for the restrictive purposes for which it was sold. See Ogden v. Police Jury of Concordia Parish, La., 28 F.Supp. 402 (W.D.La.1939).
A reading of the entire instrument in question clearly reflects that the parties intended to establish a conventional predial servitude containing a resolutory condition with an expressed reversionary clause. The consideration is clearly expressed: "... it will enhence [sic] the value of his lands, and that of his neighbors, and in consideration further of the many benefits to be derived from the construction of said Refinery...." The instrument further states the purpose for the use of the land: "The property above described is conveyed and transferred as above stated for the purpose of enabling the Erath Sugar Company Limited to use the same in building and constructing a Refinery ..." Although the instrument contains terms normally found in deeds translative of title, it nonetheless constitutes a predial servitude because of the contracting parties' intent to make a grant in perpetuity, or a limited grant. It is undisputed that Erath ceased all its operations on the land since 1970, more than ten successive years; therefore, the property, by the very terms of the agreement, reverts back to the heirs of Primeaux. Noel Estate, supra.
Having concluded that the instrument constituted a conventional predial servitude with a resolutory condition containing a reversionary clause, the liberative prescriptive periods of five and ten years clearly do not apply. By the very terms of the condition, the heirs had to wait ten successive years before they could bring this action for return of the property. The condition did not mature until 1980. The heirs filed this action in 1983, therefore, their action was filed timely. Accordingly, the trial court clearly erred in sustaining *722 the peremptory exceptions of liberative prescription.

DECREE
For the foregoing reasons, we reverse the ruling of the trial court sustaining the peremptory exceptions of prescription filed by defendant, Erath Sugar Company, Ltd., against the Heirs of Felicien Primeaux (Ferguste Primeaux, Bellus Primeaux, Eves Primeaux, Ortez Primeaux, Mildred L. Landry, Lloyd J. Landry, Eleanor Sandoz, Mercedes Primeaux, John W. Primeaux, Virgie L. Primeaux, Gussie Primeaux, Louria Nunez, Felicien Nunez, Leo Neotis Nunez, Donald P. Primeaux, Iris Nunez, Curley Nunez, Ratana Shahayda Ann Sandoz Landry, Lula Mae Landry, Elves J. Trahan, John D. Boudreaux, Elizabeth Landry, Gaynell Bodin, Virginia Ann Primeaux, Delores Bodin, Marie Madaline Primeaux, Maude Ray Lemaire, Roland J. Trahan, Leo Trahan, Juiszelle Nunez, Leves Primeaux, Granville J. Landry, Jr., Aline Landry, Una Landry, Sam R. Royall, and Eves Primeaux). We overrule the exceptions of liberative prescription and remand this case to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed to Erath Sugar Company, Ltd.
REVERSED AND REMANDED.