J^ELIZABETH A. PICKETT, Judge.
FACTS
In January 1984, Wilson Martinez and his wife, Cecilia Comeaux Martinez, sold a one-acre tract of land with improvements to Robley Broussard and his wife, Joyce Comeaux Broussard. The improvements included a convenience store. The following paragraph appears in the deed of sale transferring ownership:
As further part of the consideration for this sale Vendees agree that in the event a gasoline pump or pumps are placed on said property that Vendees will pay unto Vendors the sum of one and one-half cents per gallon for all gasoline sold from said premises and will furnish Vendors with an accounting as to the amount of gasoline sold from said pump and/or pumps each month. It being understood and agreed that no pump and/or pumps may be placed on said property without the payment of one and one-half cents per gallon of every gallon of gasoline sold from said property unto Vendors their heirs or assigns.
Following the sale, the Broussards began paying to the Martinezes the one and one-half cents per gallon.
In 1993, the Broussards sold the property to Ossun Market Villa, Inc. The Act of Sale did not include any mention of the one and one-half cent per gallon of gasoline obligation in the previous Act of Sale, but did contain the following provision:
This sale is made and accepted subject to the restrictive covenants, easements, servitudes, mineral royalties, oil, gas and mineral leases, obligations of ownership, etc. affecting the above described property of record in the Lafayette Parish Clerk of Court’s Office.
The owners of Ossun Market Villa continued to pay one and one-half cents per gallon of gasoline sold to the Martinezes. The Martinezes signed an Act of Subordination which subordinated the reservation agreement in favor of the holder of the mortgage which Ossun Market Villa used to purchase the land and convenience store.
lain March 1998, Tran Ossun Corporation, defendant herein, purchased the convenience store business from Ossun Market Villa. The Act of Cash Sale does not mention the one and one-half cent reservation allegedly due to the Martinezes. Tran Ossun has never paid any money to the Martinezes.
Wilson Martinez died in November 1993. Cecilia Comeaux Martinez and the heirs of Wilson Martinez, Roy Martinez and Anna Lou Martinez Clark, filed suit to recover the one and one-half cent reservation from Tran Ossun. Tran Ossun filed an Exception of No Cause of Action which was denied by the trial court.
The trial court granted judgment in favor of the Martinezes, finding that the reservation clause created a real obligation that ran with the land. The court ordered Tran Ossun to pay the reservation from the date they first began operating the store, April 1, 1998, until the present, and to continue paying the reservation on future sales of gasoline.
It is from this judgment the defendant appeals.
DISCUSSION
The appellant argues, as his only assignment of error, that the trial court erred, as a matter of law, by finding the 1.5 cent provision in the 1984 deed created a charge or restriction running with the land rather than a personal obligation.
There are no material facts in dispute. Review of this case involves only a review of the legal conclusions of the trial *426 court. The standard of review, therefore, is whether the lower court’s decision is correct or incorrect as a ’matter of law. Scobee v. Brame, 98-564 (La.App. 3 Cir. 10/28/98); 721 So.2d 977, writ denied 98-2952 (La.1/29/99); 736 So.2d 833.
The issue before this court is whether the 1984 deed created a real obligation that burdens the land.
13La.Civ.C0de art. 476 provides as follows:
One may have various rights in things:
1. Ownership;
2. Personal and Predial servitudes; and
3. Such other real rights as the law allows.
La.Civ.Code art. 1763 states, “A real obligation is a duty correlative and incidental to a real right.” The effects of real obligations are explained in La.Civ.Code art. 1764:
A real obligation is transferred to the universal or particular successor who acquires the movable or immovable thing to which the obligation is attached, without a special provision to the effect.
But a particular successor is not personally bound, unless he assumes the personal obligations of his transferor with respect to the thing, and he may liberate himself of the real obligation by abandoning the thing.
Tran Ossun acquired ownership of the tract of land in question, which allows them “direct, immediate, and exclusive authority over a thing.” La.Civ.Code art. 477. That ownership carries with it the ownership of the civil fruits of the thing. La.Civ.Code art. 483. The 1.5 cent per gallon charge is a civil fruit of the land. La.Civ.Code art. 551. The 1.5 cent provision serves to deny Tran Ossun the enjoyment of all of the fruits of the property. Neither the Broussards nor their successor-in-title, Ossun Market Villa, transferred the obligation to pay the Martinezes 1.5 cent per gallon of gasoline pumped to Tran Ossun. Thus, in order for the trial court to be correct, the provision in the 1984 deed must have been a real obligation if it is to be enforced against Tran Ossun.
The Louisiana Supreme Court stated as follows in McGuffy v. Weil, 240 La. 758, 125 So.2d 154, 158 (1960):
The law favors the free and unrestrained use of immovable property. It follows that any doubt as to the interpretation of a servitude encumbering property must be resolved in favor of the property owner. LSA-Civil Code, Article 753 [now La.Civ.Code art. 730]. The intention of the proprietor to establish a servitude must clearly appear from the title document. Noel Estate v. Kansas City Southern & Gulf Ry. Co., 187 La. 717, 175 So. 468; Clark v. Reed, [LaApp., 122 So.2d 344]. The contract, under consideration, explicitly declares that the restriction “shall constitute a covenant running with the land and shall be binding upon * * * all subsequent owners * * *.” The recitals of the contract leave no doubt that a real obligation was created.
In the matter presently before us, the language used in the deed is not so clear. It does not contain any language binding the subsequent owners of the land, nor does it specifically say that the obligation to pay the Martinezes shall run with the land. Further, while the contract provides for payment to the “Vendors their heirs or assigns ...” there is no language which purports to bind the vendees’ heirs and assigns.
In the instant case, the provision in the 1984 deed does not clearly create a real obligation. The obligation created by the deed was a personal contract between *427 Martinez and the Broussards. The trial court erred, therefore, in rendering judgment against the defendant who has no legal obligation to pay the appellees under the terms of the 1984 deed.
Accordingly, the trial court’s judgment is reversed. The exception of no cause of action is maintained and the suit is dismissed. All costs below and on appeal will be paid by the plaintiffs.
REVERSED AND RENDERED.
DOUCET, C.J., dissents and assigns written reasons.
SAUNDERS, J., dissents and assigns written reasons.